IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| | ] Case No. 1:00-cv-607 |
| v. | ] |
| | ] Judge Spiegel |
| JAMES F. JOHNSON, JR., | ] |
| NAN D. JOHNSON and | ] |
| COUNTY TREASURER for | ] |
| WARREN COUNTY, | ] |
| Defendants. | ] |

**AMENDED JUDGMENT AND ORDER OF FORECLOSURE AND SALE**

This matter is before the Court upon the United States' motion to amended the order of sale solely to change the location for the sale of the subject property. Under due consideration, the Court finds the motion well taken and issues the following amended judgment and order. IT IS HEREBY:

**ORDERED** that judgment is entered in favor of the United States of America against defendant James Johnson, in the sum of $239,534.79, including accrued interest and additions as provided by law through March 19, 2001, with interest to accrue thereon from March 19, 2001, until paid in full.

**ORDERED FURTHER**, that the United States holds valid tax liens on all property and rights to property of James Johnson including his interest in the property located at 10 Oakwood Avenue, Lebanon, Ohio 45036 (the "Oakwood Property").

**ORDERED FURTHER**, that the federal tax liens for the liabilities of James Johnson are foreclosed upon James Johnson' interest in the Oakwood Property and that said property may be sold in a judicial sale, according to law, free and clear of any right, title, lien, claim or interest of any of

the defendants herein, and that the proceeds of any such sale shall be distributed to such parties as set forth herein.

**ORDERED FURTHER**, that the federal tax claims, in general, have priority over the claims of all other defendants to the property and rights to property of James Johnson.

**ORDERED FURTHER**, that the United States Marshall for this District, may, at the direction of the Tax Division of the United States Department of Justice, at a date and time to be determined by the Marshall, sell, free, and clear of all right, title and interest of all parties to this action, their heirs, successors and assigns, the Oakwood Property at public auction at the courthouse of Warren County wherein the Oakwood Property is situated.

**ORDERED FURTHER,** that the terms and conditions of the sale shall be as follows: The Oakwood Property will be offered at a minimum bid price of $70,000. Said property will be sold to the party making the highest bid, equal to or exceeding $70,000. At the time of the sale, the highest bidder shall deposit with the Marshal, by cash or certified or cashier's check, not less than the sum of $7,000 or ten percent of the highest bid, whichever is less, except that if the United States is the highest bidder, no such deposit shall be required. Before being permitted to bid at the sale, bidders shall display to the United States Marshal, or his representative, proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this judgment and order of foreclosure and sale. Within 30 days after the sale, the purchaser (unless such purchaser is the United States) shall pay to the Marshal the balance of the amount of his bid by cash or certified or cashier's check. Upon receipt of such payment, the Marshal shall notify trial counsel for the United States, who shall file a motion for confirmation of the sale. Provided that the Court enters

an order confirming the sale, the United States Marshal shall deliver to the purchaser a deed to the property. If the purchaser shall fail to make such payment, his or her deposit shall be forfeited and retained as part of the proceeds of sale and the Marshal shall proceed with another sale as set forth herein.

**ORDERED FURTHER**, that the Marshal shall distribute the proceeds of sale as follows: First, to satisfy the costs of the sale, including advertising and other expenses; second, to satisfy any outstanding real property taxes; third, one-half of the proceeds that remains after paying the foregoing two amounts shall be distributed to Nan Johnson; fourth, the remaining proceeds shall be distributed to the United States to be applied to satisfy the unpaid tax, penalty and interest liabilities of James Johnson for the 1987, 1988, 1989, 1990, 1991, and 1992 taxable years; and to the extent that any sale proceeds remain after the satisfaction of such tax liabilities of the United States, such remaining sale proceeds shall be paid to James Johnson.

**ORDERED FURTHER** that additional terms and conditions of the sale of the Oakwood Property are as follows:

1. The Marshal shall cause notice of the sale to be published once a week for at least four weeks prior to the sale in at least one newspaper of general circulation in this judicial district, in which notice there shall be set forth the date, time and place of the sale, a description of the property and the terms and conditions of the sale in accordance with 28 U.S.C. §§2001 and 2002.

2. The United States Marshal for the Southern District of Ohio, or such representative as he may appoint or employ, is authorized and directed under 28 U.S.C. §§2001 and 2002 to offer for public sale and to sell the real property described above. This judgment and order of foreclosure and sale shall act as a special writ of execution and no further orders or process from the Court shall be

3

required.

3. The United States Marshal or his representative is authorized to have free access to the realty and to take all actions necessary to preserve the realty, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part of the realty, and to take whatever precautions are necessary to insure that no plumbing pipes and/or fixtures freeze and/or burst, until the deed to the realty is delivered to the ultimate purchaser.

4. The Johnsons or anyone else occupying the Oakwood Property with the permission of the Johnsons shall vacate the property, taking with them their personal property within thirty (30) days from the date that the property is sold at a sale under this order (but leaving all improvements, buildings, fixtures (including all kitchen and laundry appliances), and appurtenances to the real property). Also within 30 days from date of sale, the Johnsons are ordered to turn over all keys (including duplicates) to the property to the U.S. Marshal located at 815 U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202. If any person occupying the real property fails or refuses to leave and vacate the realty by the time specified herein, the U.S. Marshal and his deputies and the IRS are authorized and directed to take all actions that are reasonably necessary to bring about the ejection of those persons. If any person fails or refuses to remove his or her personal property from the real property by the time specified herein, the property remaining in or on the real property thereafter is deemed forfeited and abandoned, and the Marshal and his deputies are authorized to remove it and dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied under the same guidelines as described herein for the proceeds of the sale of the real property.

5. The sale shall be subject to building lines if established, all laws, ordinances, and

governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

6. If a bid is not received and confirmed in an amount equal to or in excess of the minimum bid price, the Marshal may advertise another sale of the real property and carry out another public sale until the property is sold without further order of the Court.

7. Until they vacate the real property, the Johnsons and their family shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures, and appurtenances on the real property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the real property. Until the real property is sold, the Johnsons shall not commit waste against the real property, nor shall they cause or permit anyone else to do so. At no time may the Johnsons and their family record any instruments, publish any notice, or take any action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the real property or that may tend to deter or discourage potential bidders from participating in the public sale of the real property.

8. When the sale of the real property is confirmed by this Court, the recorder's office serving the area in which the subject property is located shall permit transfer of the realty to be reflected on that county's register of deeds and/or title. Upon confirmation of sale, the Court further orders the United States Marshal to ensure that the purchaser of this property records the deed with the appropriate recorder's office immediately upon receipt thereof.

**IT IS SO ORDERED**:

Dated: 4/8/08

Honorable S. Arthur Spiegel
United States District Judge